## 8758

### FULLER v. PAYNE, COUNTY TREASURER.

1. TAXATION — ASSESSMENT — RECOVERING TAXES UNLAWFULLY PAID.— That fiscal officers have required one citizen to pay taxes on property, while other taxpayers owning like property have not been required to pay after request to make them do so, does not entitle such taxpayer to recover by suit under sec. 461 of Code the taxes so paid.

2. IBID—MANDAMUS.—Where fiscal officers fail to do the duty required of them by law in assessing property not listed by the taxpayer they

may be required by mandamus to assess such property but not to put on it any specified value, and they are also subject to indictment and removal if guilty of misconduct and their successors may proceed against the defaulting taxpayer to recover taxes he should have paid.

Before PRINCE, J., Greenwood. Affirmed.

Action by Aurie H. Fuller against F. Graham Payne, treasurer of Greenwood county, on the following complaint:

I. "That the plaintiff is a resident of the city of Greenwood, in the State and county aforesaid, but was, at the times hereinafter stated, also residing a part of each year at her home near Pickens Courthouse, S. C., and paying her taxes to the treasurer of Pickens county on her property inherited before her marriage, and that the defendant, F. Graham Payne, is the county treasurer of Greenwood county.

II. "That on or about the —— day of March, 1912, the auditor of Greenwood county. S. C., and the board of assessors for Greenwood city, notified Jones Fuller and only eight others of all the numerous taxpayers of said city, as the author affirms, to appear before the said board in the auditor's office to be examined relative to their tax returns.

III. "That the plaintiff herein is the wife of the said Jones Fuller, but returns her property and pays the tax thereon, and contracts and is contracted with in reference thereto.

IV. "That the assessment claimed to have been put upon the plaintiff by the said board is inequitable, unequal, and discriminates unjustly against her, in that it imposes upon her unequally the burdens of taxation by assessing her on moneys, on credits, and mortgages, while it is common knowledge and a matter of public record at Greenwood courthouse that numerous taxpayers of Greenwood city and county lend large sums of money, have big bank accounts,

but, nevertheless, pay not one cent of tax on the same, nor have they been assessed thereon.

V. "That the affidavit of J. F. Davis, a member of said board, attached hereto, marked Exhibit A, and made a part of this complaint, reveals the fact that the assessment complained of is according to an arbitrary classification discussed by said board, and under which the amounts were fixed by only two members of the board, to the surprise of the said J. F. Davis and during his absence.

VI. "That F. B. Cobb, chairman of the said board, was absent when Jones Fuller came before the auditor and W. J. Snead and J. F. Davis, the other two members of the board, and presented to them the plaintiff's tax receipts from the treasurer of Pickens county for the year 1911, which they declined to examine, and told them that the plaintiff returns her own property and pays her taxes in Pickens county.

VII. "That the tax duplicate for Greenwood county for the year 1912 has the full amount of Mrs. Orrie H. Fuller's assessment on the value of all credits alone; but the tax list has Mrs. Aura H. Fuller assessed on the value of all moneys, but neither the plaintiff nor Jones Fuller has ever received any written notice from the said auditor or board of such valuation and assessment.

VIII. "That this plaintiff has only lately learned, by examination of the public records at Greenwood courthouse, and by conference with other taxpayers in the city of Greenwood, how unequally the said board have attempted to assess her as compared with other taxpayers, whose property is under the supervision of said auditor and board, but is neither returned nor assessed.

IX. "That the plaintiff bears the additional burden of paying city taxes on the aforesaid assessment while other taxpayers in said city, who are liable to pay said taxes, enjoy the inequitable advantage derived from plaintiff's having to pay more than her share of city taxes because

said other city taxpayers under like circumstances are not assessed at all on the same class of property.

X. "That Jones Fuller has repeatedly tried in vain to have a meeting of said board of assessors called for the purpose of reconsidering the aforesaid assessment, and of pointing out to the board numerous persons that have not been assessed on loans.

XI. "That the chairman of said board of assessors alleges that this plaintiff and the other eight persons hereinabove referred to were notified to appear before said board to be examined as to their tax returns in consequence of complaints made on the part of certain banks that said money lenders were in competition with said banks.

XII. "That the plaintiff has been so surprised by this arbitrary advantage that has been taken of her that she has paid to defendant as county treasurer of Greenwood county said taxes and penalties under protest, and now brings this action to recover the same.

"Wherefore, the plaintiff prays judgment against the defendant for the sum of $152.49 and the costs of this action, and for such other and further relief as the Court shall deem meet and proper."

The plaintiff appeals on the following exceptions:

"It is respectfully submitted that his Honor, Judge George E. Prince, erred in sustaining the demurrer and dismissing the complaint in this case:

(1) "Because his Honor erred in not holding that section 461, South Carolina Code of 1912, volume I, is not limited to cases of overvaluation, but his Honor should have held that this plaintiff had shown some 'reason going to the merits' under said statute which applies to the inequitable and unequal assessment attempted to be put upon plaintiff by the board of assessors. Because his Honor erred in disregarding the errors, irregularities, and other defects in the said attempted assessment, amounting to a deprivation

of plaintiff's rights without due process of law; the unjust discrimination against plaintiff, caused by the inequality in the mode of said attempted assessment, leaves her to bear unequally the burdens of taxation, without any remedy at law, unless this Court correct said error.

(2) "Because his Honor erred in not holding that no legal liability to pay an *ad valorem* tax arises from the act of the legislature imposing or authorizing a tax levy in all taxable property, whereas, he should have held that an assessment or valuation of property for taxation, ascertained and made for the purpose of laying such tax, must be justly apportioned by the proper officers in the manner provided by law, and that such an assessment is indispensable to create a legal liability to pay an *ad valorem* tax, and that plaintiff's complaint states facts showing that she was denied such an assessment as is provided by law.

(3) "Because his Honor erred in not holding that the plaintiff's proportion of the tax had not been ascertained by an assessment in the manner provided by law, although the complaint alleges that the board of assessors discriminated unjustly against this plaintiff, in that it imposed upon her unequally the burdens of taxation by assessing her on moneys, on credits, and mortgages, when they well knew and had had their attention called to the fact that there were numerous other taxpayers, whose property is under their supervision, that were liable to pay taxes on the same class of property, but upon whose same species of property said board assessed not one cent, notwithstanding the fact that the board knew that no return thereof had been made.

(4) "Because his Honor erred in not overruling the position of the defendant that no other assessment than that made by the statute is necessary, whereas, he should have held that this rule clearly could not apply in the case of an *ad valorem* tax like this, where the constitutional and statutory provisions in relation to assessments of property for taxation exist and require regulations to secure a uniform

and equal rate of assessment and a just valuation for taxation of all property, except such as may be exempted by law.

(5) "Because his Honor erred in not holding that it rested on the defendant to show a lawful assessment when the complaint stated a *prima facie* case of an unjust, unequal, inequitable, and discriminatory assessment; and his Honor should have held that the defendant's allegation that 'under the statute law of this State the plaintiff is required to return her property for taxation at its true value' states a legal conclusion merely, and under the well-established rule it was error to admit conclusions of law by a demurrer, and especially is this error when said legal conclusion, as in this instance, is not responsive to the allegations of the complaint, and consequently raises no issue.

(6) "Because his Honor erred in not holding upon demurrer that the complaint should be liberally construed and sustained in view of the fact that the nature of the arbitrary classification of the assessors and the surprise of one member of the board at the action of the other two members in his absence is sufficiently indicated in the complaint, and would be made more definite and certain at the trial by J. F. Davis' affidavit, which is attached to the complaint as 'Exhibit A.'

(7) "Because his Honor erred in not holding that 'a complaint is not demurrable when the plaintiff is entitled to any relief whatever' or when 'the complaint states any cause of action' when the defendant in this case by answering admitted on his part that a portion of the complaint is good and states a cause of action.

(8) "Because his Honor erred in not overruling the demurrer, since by a liberal interpretation of the complaint a good cause of action is stated, inasmuch as the plaintiff was not given written notice of the attempted assessment, and was thereby deprived of an opportunity to be heard before the board of equalization, and these are safeguards which the Legislature has thrown around the estates of

citizens to protect them against just such unequal and unjust taxation as is complained of here; and his Honor erred in dismissing the complaint, and thereby rendering said safeguards directory and nonessential, whereas, he should have held according to the old, salutary rule that the observance of every safeguard created by statute for the protection of the taxpayer's rights is imperatively necessary.

(9) "Because his Honor erred in not holding that plaintiff used due diligence to protect her rights as soon as the treasurer of Greenwood county claimed the payment of her taxes by her repeated efforts to get the assessors to call a meeting and reconsider their attempted assessment of her money and credits, and that plaintiff was not required to appeal to the board of equalization when there had been a failure to give her the written notice required by law.

(10) "Because his Honor erred in not holding that where the assessors, as in this case, wilfully and intentionally omit property which should be assessed for taxation, the entire assessment is rendered illegal.

(11) "Because his Honor erred in not holding that, in the case of listing omitted property, such as is the credits and money of the plaintiff, that had never been assessed or returned in Greenwood county, the validity of the assessment depends upon the fact of giving the written notice prescribed by statute.

(12) "Because his Honor erred in sustaining the demurrer, notwithstanding the complaint revealed the fact that the assessors excused themselves for assuming arbitrary powers of discrimination on the ground that certain banks had complained that nine money lenders were in competition with said banks, and because such a classification as was adopted by said board was objected to on the ground that no such legislative function could be usurped by or delegated to said board."

*Messrs. M. F. Ansel* and *Jones Fuller,* for appellant, cite: *Complaint states a cause of action:* Code 1912, 461; 2 Words & Phrases 1462; 2 Dallas 419. *Construction of Sec. 461:* 168 U. S. 452; 82 U. S. 63; 91 S. C. 90; 1 Andrews Am. L. 279; 50 S. C. 370; 110 U. S. 232; 88 Fed. 343; 93 S. C. 418; 111 U. S. 572; 192 U. S. 318; 87 U. S. 461. *Validity and sufficiency of assessment:* 37 Cyc. 1139; 54 S. C. 573; 62 S. C. 30; Code 1912, 290, 395. *Rule of taxation necessary:* 195 U. S. 87; Cooley's Principles of Con. L. 56; 67 U. S. 308. *Levy by legislature not sufficient:* Andrew's Am. L. 279; 111 U. S. 572; 54 S. C. 575; 62 S. C. 31. *Facts not decided on demurrer:* 31 Cyc. 270, 322-3; 54 S. C. 578; 101 U. S. 907. *Exhibit may be referred to to aid pleading:* 59 S. C. 258; 70 S. C. 497. *Pleadings liberally construed:* Pom. Code. Rem. 591; 12 S. C. 5; 25 S. C. 126; 75 S. C. 125; 56 S. C. 245. *Complaint stating any cause of action is not demurrable:* 53 S. C. 95; 50 S. C. 428; 70 S. C. 572; 44 S. C. 143; 57 S. C. 506; 94 S. C. 482. *Written notice should be given taxpayer:* Code 423; Cooley's Con. Lim. 750, 749, 216-8; 130 U. S. 902; 148 U. S. 413; 100 N. C. 225; 45 Ill. App. 572; 115 U. S. 418; 207 U. S. 143; 35 S. C. 309; Pom. Code Plead. 462; 132 Col. 421. *Not necessary to pursue statutory remedy:* 37 Cyc. 1081. *Discrimination unlawful:* Cool. Con. Lim. 742-3; 10 Wis. 242; 67 U. S. 308; 37 Cyc. 1112. *Time and manner of service:* 29 Cyc. 1118; 148 U. S. 414; 29 Cyc. 1119, 1125; 207 U. S. 143; 215 U. S. 617; 129 Mass. 567; 8 Cyc. 819. *Legislative power cannot be delegated:* 72 Pa. St. 491; 30 S. C. 525; 60 S. C. 7; 68 S. C. 552; Cool. Con. Lim. 163; 75 S. C. 64.

*Messrs. Grier, Park & Nicholson,* contra, cite: *Real estate mortgages are taxable:* Code 287, 294, 296, 299. *Valuation of property:* Code 379, 380.

March 20, 1914.   The opinion of the Court was delivered by

MR. CHIEF JUSTICE GARY.   This is an appeal from an order sustaining a demurrer to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action, in that it did not allege that the plaintiff's property was assessed for taxation, at more than its true value; not that she was required to pay taxes on her property, assessed upon an excessive valuation.

The action herein was instituted under the provisions of section 461, Code of Laws, 1912, which provides that any person paying taxes under protest "may at any time within thirty days after making such payment, but not afterwards, bring an action against the said county treasurer for the recovery thereof in the Court of Common Pleas for the county in which such taxes are payable; and if it be determined in said action, that such taxes were wrongfully or illegally collected, for any reason going to the merits, then the Court before whom the case is tried, shall certify of record that the same were wrongfully collected and ought to be refunded, and thereupon the Comptroller General shall issue his warrant for the refunding of the taxes so paid, which shall be paid in preference to other claims against the treasury."

As the appeal involves the sufficiency of the complaint, it will be reported together with the appellant's exceptions.

The first assignment of error that will be considered is presented by the third exception, which is as follows:

"Because his Honor erred in not holding that the plaintiff's proportion of the tax had not been ascertained by an assessment in the manner provided by law, although the complaint alleges, that the board of assessors discriminated unjustly against this plaintiff, in that it imposed upon her unequally the burdens of taxation, by assessing her on moneys, on credits and mortgages, when they well knew, and had their attention called to the fact,

that there were numerous other taxpayers, whose property is under their supervision, that were liable to pay taxes on the same class of property, but upon whose same species of property said board assessed not one cent, notwithstanding the fact that the board knew that no return thereof had been made."

Section 1, art. X, of the Constitution, provides that "the General Asssembly shall provide by law for a uniform and equal rate of assesssment and taxation, and shall prescribe regulations to secure a just valuation on all property, real, personal and possessory."

Section 3 of that article, is as follows: "No tax shall be levied except in pursuance of a law, which shall distinctly state the object of the same, to which object the tax shall be applied."

Section 9 is as follows: "Money shall be drawn from the treasury only in pursuance of appropriations made by law."

Section 13 is as follows: "The General Assembly shall provide for the assessment of all property for taxation; and State, county, township, school, municipal, and all other taxes shall be levied on the same assessment, which shall be that made for State taxes." * * *

Sections 287 and 296, Code of Laws, 1912, show that the property described in the complaint was subject to taxation, and that it was the duty of the owners of such property to list the same for taxation.

Section 394, Code of Laws, 1912, is as follows: "The Comptroller General shall annually give due notice to each county auditor, of the rates *per centum* authorized by law to be levied for the various State purposes, which rates, or *per centum,* shall be levied by the county auditor on the taxable property of the county, and charged on the duplicate with the taxes required to be levied and collected for other purposes."

Section 384 of the Code of Laws, 1912, provides, that "each auditor shall, on or before the first day of March,

make out, in tabular form and alphabetical order, a list of the names of the several persons, companies and corporations, in whose names any personal or real property shall have been listed."

Section 386 of the Code of Laws, 1912, provides, that "it shall be his (the auditor's) duty, if he ascertain that any personal property in his county has not been listed, to list the same and make return thereof, with the valuation thereof as fixed by the owner or himself, and the name of the owner or person to whom it is taxable; and he shall charge the same on the duplicate for taxation, adding fifty per cent. to the value as returned as penalty."

Section 403 of the Code of Laws, 1912, is as follows: "Each county auditor shall add to the value of all personal property, which the owner or other person whose duty it is made to list the same, shall have refused or neglected to list, or to the value of which such person shall have refused or neglected to swear, fifty *per centum* on the value, and charge the same on the duplicate, upon which taxes shall be collected and apportioned to the several funds, for which taxes are assessed against such owner, in proportion to the respective levies."

Section 405, Code of Laws, 1912, is as follows: "Whenever any taxpayer shall fail to make returns to the auditor of his county, within the time prescribed by law, it shall be the duty of the county auditor to enter on the tax duplicate, against such taxpayer, the property charged to him the previous year, with fifty per cent. penalty added thereto, except in cases of sickness or absence from the county, when the true amount of property only shall be charged."

There is a marked distinction, where the discriminatory classification is created by the act making the appropriation, and when such classification arises from the manner, in which the provisions of the statute are administered by the fiscal agents, in assessing property subject to taxation. Conceding that the classification mentioned in the complaint

31—96

would have rendered the statute, under which the appropria-
tion was made, null and void if authorized by the legisla-
ture, it cannot be successfully contended that it had such
effect, when adopted by the fiscal agents of the county.

It is not alleged in the complaint, that the statute under
which the taxes were collected was unconstitutional, and,
therefore, null and void, nor that the fiscal officers assessed
her property, at more than its true value; nor that the rate
or *per centum* upon which her taxes were collected, exceeded
that which the law prescribed; nor that in dealing directly
with her property, there was a failure to comply with any
requirements of law. We, therefore, start out with the indis-
putable proposition, that the taxes paid by the plaintiff, did
not exceed the proportionate amount, which it was her duty
to pay, and consequently was not illegal. She, however, con-
tends that it would be inequitable, not to refund the taxes
paid by her, on the ground that other taxpayers owning
property similar to hers, were not required by the fiscal
authorities to return it, for taxation, and that thereby a
greater burden was imposed upon her, than her proper pro-
portion of the taxes. In the first place, it cannot be suc-
cessfully contended, that the taxes paid by her, on the prop-
erty described in the complaint, should be refunded, as, in
that event, she would occupy towards the owners of similar
property throughout the State who had paid taxes thereon,
practically the same relation which she now occupies towards
those in Greenwood county, who have not returned their
property for taxation. It was inequitable and unjust for
them to refuse to return their property for taxation, and
pay their proportionate part of the taxes; and it would be
equally inequitable and unjust for her, to be excused from
paying her proportion of the burden imposed upon the tax-
payers. Two wrongs do not make a right.

It will thus be seen, that the plaintiff is not entitled to the
remedy she has pursued. The law, however, foreseeing
that taxpayers and fiscal authorities, would fail or refuse

to discharge their duties, has undertaken to provide adequate remedies in such cases.

If the owner of any personal property does not list it for taxation, it shall be the duty of the auditor to list the same, make return thereof, and add a penalty of fifty per cent. to the value as returned. And, if the taxpayer fails to make his return, it shall be the duty of the auditor to add a penalty of fifty per cent. on the property charged to the taxpayer the previous year (except in cases of sickness or absence from the county).

The amount due for taxes is a debt for which the owner may be sued. *Taylor* v. *Strauss,* 95 S. C. 295.

Fiscal officers may be compelled by mandamus, to assess property liable for taxes, as this is a mere ministerial duty, but they cannot be required to place a particular value thereon, as this would be an interference with their discretion. *State* v. *Morris,* 67 S. C. 153, 45 S. E. 178.

Furthermore, fiscal officers are liable to indictment and subject to removal, if they are guilty of misconduct, in office, and, if they should be removed and others appointed in their places, the taxpayers who had failed to return their property for taxation, or to pay their taxes, would still be liable, and proceedings could be instituted against them, by officers appointed in their places.

If there should be a resort to the remedies provided against defaulting taxpayers, by the infliction of penalties, and against fiscal officers failing to discharge their duties, a larger amount of taxes might be collected, than if the defaulting taxpayers had made their returns and paid their taxes in the usual manner.

What has been said in disposing of this exception, shows that none of the others can be sustained.

Judgment affirmed.