8910

PARIS MOUNTAIN WATER CO. v. CAMPERDOWN MILLS.

(82 S. E. 417.)

PUBLIC SERVICE CORPORATIONS. CONTRACTS. INTEREST.

1. An answer in an action by a public service corporation admitting that defendant contracted with such corporation to pay for water consumed at the rate of 15 cents per 1,000 gallons, and that it consumed the quantity alleged in the complaint, and alleging that plaintiff during the life of the contract furnished other cotton mills, situate in its territory, and under similar conditions as defendant, with water at the rate of 10 cents per 1,000 gallons, thus discriminating against defendant, does not state facts sufficient to constitute a defense or counterclaim to an action on the contract between plaintiff and defendant.

1a. If a public service corporation illegally discriminates in charging some customers a lower rate than others, these others cannot compel a grant of the illegal rate to them also.

2. Interest is not recoverable on open account when the contract does not expressly provide therefor.

Before DeVore, J., and Shipp, J., Greenville, November, 1912, and April, 1913. Affirmed.

Action by Paris Mountain Water Company against Camperdown Mills. From order of Judge DeVore overruling demurrer to answer, the plaintiff appeals. From judgment rendered by Judge Shipp both parties appeal. The facts are stated in the opinion.

The answer of defendant was as follows:

The defendant by this amended answer to the complaint herein:

1. Admits paragraph 1 of the complaint and denies so much of paragraph 4 as alleges that fifteen cents per thousand gallons was the minimum charge which could be made by plaintiff under the franchise from the city.

2. The defendant alleges that at the times referred to in the complaint the plaintiff was, and now is, engaged in the business of furnishing water to the city of Greenville for public purposes and to the people of said city and the territory adjacent thereto for domestic manufacturing and other purposes. That the plaintiff is and was a quasi public corporation and is engaged in serving the public in the matter of furnishing water as aforesaid. That under the laws of this State, it has the right to condemn lands for its corporate purposes and to exercise other valuable franchises given to public service corporations. That under the franchise granted by the city of Greenville and under the ordinances of said city it possesses the right to use the streets, alleys and other public places in said city for the purpose of maintaining its water main and discharging its duties as aforesaid.

3. That under the law it is bound to serve the public at reasonable charges not in excess of those set forth in its

20—98.

franchise and without discrimination as between customers of the same class and that any discrimination between its customers is illegal and void.

4. The defendant admits paragraphs 2 and 3 of the complaint, but alleges that said contracts were made under the following circumstances: The defendant applied to the plaintiff for water to be used in the said mill and on Broad street, as stated in paragraph 3, and asked for the lowest price. That the agents for the plaintiff informed the defendant that fifteen (15) cents per thousand gallons was the lowest price charged any of its customers. That relying upon said assurance, and having no knowledge of any lower charge, this defendant entered into said contracts and continued to pay for water at the rate mentioned in said contract, to wit, 15 cents per 1,000 gallons, until some time in the spring of 1910, when defendant learned that the plaintiff was, during all of said time, furnishing other cotton mills situated in its territory and under similar conditions and using about the same quantity of water as this defendant, with water at the price of 10 cents per 1,000 gallons. That upon learning of this fact the defendant declined to make any further payments on a basis of 15 cents per 1,000 gallons, but offered to pay, and is still willing to pay, on a basis of 10 cents per 1,000 gallons, but the plaintiff declined to allow the defendant to settle on said basis.

5. This defendant alleges that plaintiff, by its contracts aforesaid, wrongfully and illegally discriminated against this defendant, charging it a higher rate than the rates charged other customers under similar circumstances and that said charges, in so far as they are in excess of the rate charged other customers of like character and using like quantities of water, are illegal and wrongful.

That the amount of the overcharge made by the plaintiff for the two quarters referred to in the complaint is one hundred seventy-nine and 42-100 ($179.42) dollars. Denies the allegations of paragraph 9.

As a counterclaim this defendant alleges:

1. That the plaintiff herein is duly corporated under the laws of the State of South Carolina, as a public service corporation and is engaged in the business of furnishing water for public manufacturing and other purposes to the city of Greenville and to the people of that city and adjacent territory. That it enjoys the right of eminent domain under the laws of this State and under the ordinances of the city of Greenville, certain valuable franchises, including the rights to use the streets, alleys and public ways for maintaining its water mains and the right to supply the citizens of Greenville with water.

2. That the plaintiff is bound under the laws and under the statutes of the State and under the ordinances of the city of Greenville, to furnish the users of water in its territory at a reasonable rate, not in excess of those rates referred to in the city ordinance and without discrimination as between customers of the same class.

3. That the defendant herein is engaged in the business of the manufacture of cotton goods in the city of Greenville and in its said business and for the use of its employees, it consumes a large amount of water, which water is supplied by the plaintiff corporation.

4. That the plaintiff, in violation of its legal duties, as aforesaid, did wilfully and wrongly charge and exact of this defendant a price for the water consumed by it during the years of 1908, 1909 and for the first quarter of 1910, at the rate of 15 cents per 1,000 gallons, aggregating two thousand eighty-four and 34-100 ($2,084.34) dollars. That during the said period plaintiff was furnishing water for other cotton mills and manufacturing companies of the same class as the defendant and using practically the same amount of water, at a price of 10 cents per 1,000 gallons and that the plaintiff company, during this period, wrongfully represented to the defendant that 15 cents per 1,000 gallons was the lowest price at which it furnished water to its customers, and this

defendant made payment of the said price without any knowledge that the said statement of the plaintiff corporation was untrue, believing that the prices charged defendant were as low as those charged other mills. And the plaintiff did, in violation of its legal duties, charge this defendant and insist upon this defendant paying for water used during the second and third quarters of the year 1910, the price of 15 cents per 1,000 gallons.

5. That the defendant is entitled to recover of the plaintiff the money wrongfully exacted from it, as aforesaid, being the sum of six hundred ninety-four and 78-100 ($694.78) dollars, this being the amount of the overcharge as aforesaid, together with interest from the time of payment, and for the further sum of two hundred and no-100 ($200.00) dollars, as damages for the wrongful and tortious conduct of the plaintiff as aforesaid.

Wherefore, this defendant prays judgment against the plaintiff for the sum of six hundred ninety-four and 78-100 ($694.78) dollars, with interest as aforesaid, together with two hundred and no-100 ($200.00) dollars as damages.

The grounds of demurrer were as follows to both defense and counterclaim:

"The defendant admits that it contracted with the plaintiff to pay for water at the rate of 15 cents per 1,000 gallons, that it consumed the quantity charged by the plaintiff and that it paid therefor in full up to April 1, 1910; it demands a return of the difference between 15 cents per 1,000 gallons and 10 cents per 1,000 gallons, upon the ground that the plaintiff during the life of the contract furnished other cotton mills, situated in its territory and under similar conditions as the defendant, with water at the rate of 10 cents per 1,000 gallons and that the rate charged the defendant in excess of the rate charged said other cotton mills was illegal and wrongful. Such facts constitute no cause of action against the plaintiff, in the face of the defendant's

contract, for the reason that it is not alleged that the rate charged the defendant and agreed upon, was in excess of the rate authorized by law or unreasonable, and if a rate to furnish customers is less than the reasonable rate which the plaintiff may demand from all, the discrimination is at the plaintiff's expense and does not infringe on any right of the customers generally. A concession to a consumer does not fix a new schedule of rates for all.

The following was an additional ground of demurrer to the counterclaim:

The answer shows that the money the defendant now seeks to recover back from the plaintiff was paid by the defendant voluntarily, under a contract in writing signed by it, without duress or legal compulsion, and an action will not lie now to recover it back.

*Messrs. Cothran, Dean & Cothran,* for plaintiff, cite: *In support of demurrer to answer:* 18 L. R. A. 1197; 27 L. R. A. (N. S.) 674; 21 L. R. A. 517; 52 So. 915; 12 Fed. 309; 58 L. R. A. 285; 29 S. C. 265; 5 Am. & Eng. Enc. L. 179. *Voluntary payments:* 90 S. C. 475. *Interest should be allowed, both the amount to be paid and time for payment being reasonably certain or capable of ascertainment:* 2 Speer 536; 2 Bailey, 374; 4 McC. 59; 3 McC. 498; 16 Am. & Eng. Enc. of L. 1013, 1014; 104 U. S. 771; 2 Speer 594; 10 S. C. 492; 16 S. C. 593; 34 S. C. 518; 47 S. C. 186; 49 S. C. 450. *Rates for taxpayers in city do not apply to consumers outside of the city:* 87 S. C. 566; 105 Fed. 1; 34 L. R. A. 525; 66 Fed. 140.

*Messrs. Haynsworth & Haynsworth,* for defendant, cite: *Discriminations in charges by public service corporations not tolerated:* 41 L. R. A. 240; 2 Wyman Pub. Ser. Corp., secs. 1290 and 1292; 61 S. C. 83; 127 S. W. 1068; 13 Am. Rep. 457; 9 L. R. A. 764; 48 Am. St. Rep. 729; 48 N. E. 101; 181 U. S. 100; 79 P. 1086; 41 L. R. A. 240; *distin-*

*guish* 87 S. C. 586. *Recovery of excess charges:* 22 Am. & Eng. Enc. of L. 609; Parsons Contracts, sec. 466; 9 L. R. A. 764; 49 S. C. 284.

July 20, 1914.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

The following statement appears in the record:

"This action was instituted in the Court of Common Pleas for Greenville county, on April 16th, 1911, for $224.10, with interest from July 1, 1910, and for $314.16, with interest from October 1, 1910, on account of water furnished the defendant by the plaintiff, during the period beginning April 1, 1910, and ending September 30, 1910, under written contracts dated, respectively, October 1, 1904, and February 25, 1907.

On March 15, 1912, the plaintiff served upon the defendant, written notice of demurrer to the answer and counterclaim, hereinafter set out, which demurrer was heard by Judge DeVore at November term, 1912, and overruled. From the order overruling the demurrer the plaintiff gave notice of appeal.

The cause then came on for trial upon the merits, before Judge Shipp and a jury at April term, 1913. At the close of the testimony, upon plaintiff's motion, Judge Shipp directed a verdict in favor of the plaintiff, for the amount of two water bills, $224.10 and $314.16, total $538.26, but refused to allow the plaintiff interest as claimed.

Upon the verdict thus rendered, the plaintiff duly entered up judgment, and from that judgment in due time, both parties have appealed, the defendant contending that the plaintiff was entitled to nothing, and the plaintiff contending that it was entitled to interest as claimed, in addition to $538.26."

In its answer the defendant alleges that "the plaintiff was, and now is, engaged in the business of furnishing water to the city of Greenville for public purposes, and to the people

of said city, and the territory adjacent thereto, for domestic manufacturing, and other purposes. That the plaintiff is and was a quasi public corporation, and is engaged in serving the public in the matter of furnishing water as aforesaid. That under the laws of this State, it has the right to condemn lands for its corporate purposes, and to exercise other valuable franchises, given to public service corporations. That under the franchise granted by the city of Greenville, and under the ordinances of said city, it possesses the right to use the streets, alleys and other public places in said city, for the purpose of maintaining its water main, and discharging its duties as aforesaid.

That under the law, it is bound to serve the public at reasonable charges, not in excess of those set forth in its franchise, and without discrimination as between customers of the same class, and that any discrimination between its customers, is illegal and void."

The defendant also alleged, by way of defense, that other mills similarly situated were, at the time of the contracts between the plaintiff and the defendant, being supplied with water, at the rate of 10 cents per 1,000 gallons, without the knowledge of the defendant, and contrary to the statements of the plaintiff; and, that it should not, therefore, be required to pay a higher rate than others.

Defendant also set up a counterclaim for excess charges, paid since 1907.

Section 7 of the franchise under which the plaintiff was operating, contains the provision, that it shall not charge rates exceeding the amount therein specified, and that no water shall be supplied to any customer per year, for less than 15 cents per 1,000 gallons, where the supply exceeds 10,000 gallons per day.

The first question that will be considered, is whether there was error on the part of his Honor, the presiding Judge, in overruling the demurrer to the defense set up in the answer.

It is not contended that the contracts between the plaintiff and the defendant, were unauthorized or rendered illegal by reason of any provision in the plaintiff's franchise.   There is no view under which the claims of the defendant can be sustained.   In the first place, if the provision of the water company's franchise, that it should not charge a rate less than 15 cents per 1,000 gallons, has no application to mills outside the limits of the city, then it could not be successfully contended, that contracts with those mills would be discriminatory.   But even if the provisions of the franchise, are alike applicable to the mills in and outside the city, nevertheless, the defendant is not entitled to the relief which it seeks.   The remedy where there has been an illegal discrimination, in the administration of powers conferred by a municipality, is not by extending to others, the benefits arising from such discrimination, thereby increasing the number of those violating the law, but to resort to the remedies which the law provides, for preventing the discrimination altogether.   The defendant is practically asking the Court, to allow it to be placed in the same category as those mills, that, it alleges, have entered into unlawful contracts, in order that it may receive benefits to which, it alleges, others, in like plight, are not entitled.

While the facts in *Fuller* v. *Payne*, 96 S. C. 471, 81 S. E. 176, are quite different from those in the present case, the principles upon which that case was decided, are conclusive of the question under consideration.   In that case the Court said :

"There is a marked distinction, where the discriminatory classification is created by the act making the appropriations, and when such classification arises from the manner, in which the provisions of the statutes are administered by the fiscal agents, in assessing property subject to taxation.   Conceding that the classification mentioned in the complaint would have rendered the statute, under which the appropriation was made, null and void if authorized by the legislature,

it cannot be successfully contended that it had such effect, when adopted by the fiscal agents of the county.

It is not alleged in the complaint, that the statute under which the taxes were collected was unconstitutional, and, therefore, null and void, nor that the fiscal officers assessed her property at more than its true value; nor that the rate or per centum upon which her taxes were collected, exceeded that which the law prescribed; nor that in dealing directly with her property, there was a failure to comply with any requirements of law. We, therefore, start out with the indisputable proposition, that the taxes paid by the plaintiff did not exceed the proportionate amount which it was her duty to pay, and consequently was not illegal. She, however, contends that it would be inequitable, not to refund the taxes paid by her, on the ground that other taxpayers owning property similar to hers, were not required by the fiscal authorities to return it, for taxation, and that thereby a greater burden was imposed upon her, than her proper proportion of taxes. In the first place, it cannot be successfully contended, that the taxes paid by her, on the property described in the complaint, should be refunded, as, in that event, she would occupy towards the owners of similar property throughout the State who had paid taxes thereon, practically the same relation which she now occupies towards those in Greenwood county, who have not returned their property for taxation. It was inequitable and unjust for them to refuse to return their property for taxation, and pay their proportionate part of the taxes; and it would be equally inequitable and unjust for her, to be excused from paying her proportion of the burden imposed upon the taxpayers. Two wrongs do not make a right."

The demurrer should, therefore, have been sustained.

The next question that will be determined, is, 2 whether there was error in the instruction to the jury, that the plaintiff was not entitled to interest.

The contracts between the plaintiff and the defendant, were substantially as follows: °

"The water company agreed to supply water to the mill known as Camperdown Mills, also for 13 single tenement houses and 24 double tenement houses occupied by operatives of said mills at the rate of 15 cents per 1,000 gallons, minimum $15 per quarter. The contract was to expire on January 1, 1911, but to continue in force from quarter to quarter, unless 30 days notice of termination be given by either party. The quarter days were fixed as the first days of January, April, July, and October. The water rents were payable on said quarter days. Delinquency of 30 days justified cutting off water. Water to be measured by meters supplied by water company. Defendant agreed to the terms stated."

The contracts did not provide for interest, and there was no testimony tending to show, that the parties had agreed as to the amount that was due.

These views practically dispose of all questions presented by the exceptions.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.